IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02346-PAB

PIERRE POWEL,

    Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on plaintiff's Complaint for Damages, Declaratory Judgment, and Jury Demand [Docket No. 1]. Plaintiff asserts that this Court has jurisdiction pursuant to "diversity." Docket No. 1 at 2, ¶ 13.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff asserts that "[j]urisdiction is proper on the basis of diversity." Docket No. 1 at 2, ¶ 13. Diversity jurisdiction stems from 28 U.S.C. § 1332. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts presently alleged are insufficient to determine the citizenship of either party or the amount in controversy.

First, the complaint states that "[o]n August 3, 2015, and all times relevant hereto, plaintiff Pierre Powel . . . was a resident of Colorado." Docket No. 1 at 1, ¶ 1. However, "an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). Residency is not synonymous with domicile, *see Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted), and only the latter is

determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). Rather, "[t]o establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Cummings*, 445 F.3d at 1260. As such, the allegations regarding plaintiff's residence do not permit the Court to make a finding as to his citizenship.

Second, the facts currently alleged are insufficient to determine defendant Liberty Mutual Insurance Company's citizenship. The complaint alleges that defendant "is a foreign corporation registered in the state of Massachusetts." Docket No. 1 at 1, ¶ 2. A corporation is deemed to be a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1). The present allegations are insufficient to determine defendant's citizenship because the complaint does not allege the state in which defendant maintains its principal place of business. As a result, the Court is unable to determine defendant's citizenship.

Third, the complaint does not contain allegations from which the Court could infer that the amount in controversy exceeds $75,000. Plaintiff alleges that defendant's policies cover him up to $250,000 per person and $500,000 per occurrence. Docket No. 1 at 2, ¶ 11. Plaintiff also alleges that he recovered $25,000 from the at-fault driver's insurance company through settlement. *Id.* at 4, ¶ 43. But, as to his damages, plaintiff has only alleged that his "injuries, damages, and losses exceed[ed] $25,000." *Id.* at 4, ¶ 45. Thus, plaintiff's allegations as to the amount in controversy are deficient.

Because the allegations are presently insufficient to allow the Court to determine the citizenship of either party, the amount in controversy, or whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)), it is

**ORDERED** that, on or before **November 4, 2019**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED October 25, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge